IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to<br><br>*Kent v. Syngenta AG et al.*,<br>Case No. 3:22-pq-1374-NJR | Case No. 3:21-md-3004-NJR<br><br>MDL No. 3004 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Lisa Kent has filed a Motion to Remand to California State Court for Lack of Subject Matter Jurisdiction. (Doc. 16). Kent acknowledges the Court has original jurisdiction over the case under 28 U.S.C. § 1332(a) but argues the forum-defendant rule—as discussed thoroughly in the Court's Order of August 30, 2022 (Doc. 2289)— prohibits Defendants from removing her case to federal court. Kent asserts that Defendant Chevron U.S.A. Inc., a citizen of California, is a forum defendant; therefore, removal is prohibited.

In response, Chevron argues that Kent's motion is too late. (Doc. 17). While a party can raise the lack of subject matter jurisdiction at any time, Kent acknowledges that diversity jurisdiction under 28 U.S.C. § 1332(a) exists. (*Id.*). Thus, Chevron argues, Kent's motion to remand is actually based on the forum-defendant exception to diversity jurisdiction, which is a non-jurisdictional defect that can be waived. (*Id.*). And Kent did waive that argument, Chevron contends, when she filed her remand motion three months after Chevron filed its notice of removal. (*Id.*).

A defendant may remove a civil action from state court when a district court has original jurisdiction over the action. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748

n.2 (2019) (citing 28 U.S.C. § 1441(a)). District courts shall have original jurisdiction over all civil actions arising under federal law, as well as over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. §§ 1331, 1332(a)(1). Even where the statutory requirements for diversity jurisdiction under § 1332(a) are met, however, the forum-defendant rule disallows removal based on diversity jurisdiction under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The Seventh Circuit has long held that the forum-defendant rule is non-jurisdictional and, thus, waivable. *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379 (7th Cir. 2000) ("[W]e join the longstanding line of authority that holds that the forum defendant rule is nonjurisdictional."). Because the forum-defendant rule is non-jurisdictional, a party has only 30 days to object to removal. *Id.*; 28 U.S.C. § 1447(c).

Here, Kent's motion to remand based on the forum-defendant rule is untimely. Chevron filed its notice of removal on June 1, 2022 (Doc. 1), but Kent did not file her motion to remand until September 1, 2022. (Doc. 16). Accordingly, the Court finds that Kent's objection to removal is waived.

For these reasons, the Motion to Remand to California State Court filed by Plaintiff Lisa Kent (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 1, 2022

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**